# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**ANDREW UNDERWOOD,**

    Plaintiff,

v.

**CITY OF MOULTRIE, GEORGIA, AND MOULTRIE POLICE DEPARTMENT**,

    Defendants.

Civil Action No. 7:13-CV-13 (HL)

## ORDER

The Court has been informed that the parties have reached a tentative settlement of the remaining claims in this case, which are brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216. The Court is required to undertake a fairness review of the proposed settlement. *See* 29 U.S.C. § 216(b); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Therefore, the Court orders that the parties file a joint motion for court review and approval of the proposed settlement, attach a copy of the settlement agreement, and supply the following information no later than September 19, 2014:

1. The amount of damages that Plaintiff originally claimed to be entitled to;

2. The number of hours Plaintiff worked for which he alleges he has not been adequately compensated;

3. Whether the attorney's fees for Plaintiff's counsel were negotiated separately from the settlement of Plaintiff's claims and without regard for what the Plaintiff was paid; and

4. An explanation of the attorney's fees, if any, including a break-down of the number of hours Plaintiff's counsel worked on this matter, the tasks performed, and the hourly rate at which counsel seeks to be paid, *see* Patel v. Shree Jalarm, Inc., 2013 WL 5175949, at *4-7 (S.D.Ala. Sept. 13, 2013) (calculating the "lodestar" for attorney's fees); Bivens v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008); Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). Counsel should provide the Court with an explanation for why the hourly rate and the number of hours worked is reasonable.

If the parties believe that a hearing would allow them to better respond to these issues and facilitate the Court's fairness review, they are encouraged to request one. The parties are encouraged to refer to Hogan v. All-State Beverage Co., Inc., 821 F. Supp. 2d 1274 (M.D. Ala. 2011), for guidance on how to draft the motion and settlement agreement. This Court's earlier Order of Settlement (Doc. 28) is hereby vacated.

**SO ORDERED**, this the 5th day of September, 2014.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**